# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID F. KELLY BEY, | : | |
|    Petitioner | : | |
| | : | No. 1:21-cv-607 |
| v. | : | |
| | : | (Judge Rambo) |
| WILLIAM BECHTOLD, | : | |
|    Respondent | : | |

## **MEMORANDUM**

On April 5, 2021, *pro se* Petitioner David F. Kelly Bey ("Petitioner"), who was then a pretrial detainee at the Franklin County Jail ("FCJ") in Chambersburg, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner asserts that a disciplinary hearing examiner violated his due process rights by denying Petitioner the right to call alibi witnesses during a disciplinary hearing that occurred on March 21, 2021. (Doc. No. 1 at 6.) As relief, Petitioner requested immediate discharge from the Restricted Housing Unit ("RHU"), where he was sent for thirty (30) days as a result of the disciplinary charge. (*Id.* at 7.) Petitioner also requested that the disciplinary charge be expunged. (*Id.*) Following an Order to show cause (Doc. No. 5), Responded filed a response (Doc. No. 7). For the reasons that follow, the Court will dismiss Petitioner's § 2241 petition.

## I. BACKGROUND

On March 21, 2021, Petitioner appeared before Hearing Examiner Fiss to face disciplinary charges. (Doc. No. 7-1 at 2.) During the hearing, Petitioner stated that "he was not warned about receiving a unit action." (*Id.*) Petitioner stated that "he told the officer if he lied on the unit action he would contact State Police and bring him up on charges." (*Id.*) The hearing examiner noted that Petitioner did not request to call witnesses. (*Id.*) Petitioner was found guilty and received a sanction of thirty (30) days in the RHU. (*Id.*) The hearing examiner noted that Petitioner's RHU time would begin on March 20, 2021, and end on April 20, 2021. (*Id.*)

On March 31, 2021, Petitioner filed a bail modification petition in his pending criminal case. (Doc. No. 7-2 at 2.) On April 5, 2021, Judge Meyers of the Court of Common Pleas for Franklin County granted the petition to the extent Petitioner's pretrial bail conditions were modified from secured to unsecured, allowing him to be released on a home plan. (*Id.* at 2-3.) Public dockets reflect that Petitioner was released from the FCJ on April 30, 2021. *See Commonwealth v. Kelly Bey*, Docket No. CP-28-CR-0000701-2020 (Franklin Cty. C.C.P.).

## II. DISCUSSION

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241. Respondent first asserts that Petitioner's

§ 2241 petition is moot because Petitioner has completed his thirty (30) days in the RHU and is no longer incarcerated at the FCJ. (Doc. No. 7 at 9-11.)

The case or controversy requirement of Article III requires that parties continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990). "A federal court may not give opinions on moot questions or declare rules of law which cannot affect the matter at issue in the case before it." *Credico v. BOP FDC Warden of Philadelphia*, 592 F. App'x 55, 57 (3d Cir. 2014). In the context of a challenge to the under § 2241, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). However, once the petitioner is released, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Id.* In the instant case, Petitioner completed his thirty (30) days in the RHU on April 20, 2021. Moreover, as noted *supra*, Petitioner's bail was recently modified, and he has been released from pretrial custody. Given Petitioner's release, "he cannot possibly suffer any collateral consequences" from the disciplinary sanction imposed. *See Brown v. Pennsylvania*, No. 08-cv-4206, 2010 WL 1372708, at *2 (E.D. Pa. Mar. 16, 2010), *Report and Recommendation adopted*, 2010 WL 1372740 (E.D. Pa. Mar. 31, 2010). The Court, therefore, will dismiss his § 2241 petition as moot.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2241. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at bar, jurists of reason would not find the disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Petitioner's § 2241 petition as moot and will not issue a COA. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: May 6, 2021